UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JESSICA RODRIGUEZ, individually and on behalf of LIGHT OF THE CROSS CHRIST MINISTRIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ALLAN CARROLL, individually and doing business as ALC PROPERTY, LLC; and ELMORE COUNTY SHERIFF'S DEPARTMENT, <br><br> Defendants. | Case No. 1:25-cv-00445-DCN <br><br> **MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

On August 8, 2025, Plaintiffs Jessica Rodriguez, Tere Rodriguez, and Jetaime Rodriguez, appearing pro se, and on behalf of Light of the Cross Christ Ministries, Inc., filed an Application to Proceed in Forma Pauperis (Dkt. 1), Complaint (Dkt. 2), and Motion for Temporary Restraining Order (Dkt. 3).[1] The Complaint states that it is an Emergency Motion seeking a stay of State court proceedings. *See generally* Dkt. 2. The State Court proceedings appear to be eviction proceedings.[2] Having reviewed the record and

---

[1] Rodriquez has also brought numerous pleadings to the Federal Courthouse over the last week for placement in the file. Many of these are supplements or duplicative filings. *See, e.g.,* Dkt. 5 (duplicate of Dkt. 2); Dkt. 6 (emergency motion like Dkt. 3); Dkt. 7 (motion to expedite ruling); Dkt. 8 (supplement to complaint); Dkt. 9 (duplicate complaint): Dkt. 10 (supplement to Dkt. 3). The Court has reviewed all filings.

[2] The Complaint references two state court cases: CV20-25-00352, presided over by Judge Ferguson, and CV20-25-00415, presided over by Judge Peterson.

MEMORANDUM DECISION AND ORDER - 1

recognizing the time constraints raised by Plaintiffs, and because the decisional process will not be significantly aided by oral argument, the Court will decide this matter without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

## II. BACKGROUND

At the outset, it must be noted that it appears as if Jessica Rodriguez is attempting to represent herself pro se, which is permissible, but also to represent the entity Light of the Cross Christ Ministries, Inc., and the other individuals, which is not permissible. However well-intentioned Jessica Rodriguez is, the rule is that a non-lawyer cannot represent an entity or another individual. *Rosales v. Idaho Department of Health and Welfare,* 2020 WL 13601364 (Idaho 2020).

It appears from the Complaint there is a lease agreement regarding real property located at 1518 American Legion Blvd, Mountain Home, Idaho. However, the actual lease agreement is not filed with this Court. Plaintiffs allege that Tere Rodriguez and Jetaime Rodriques are named tenants under the lease agreement and that ALC Property, LLC, is the landlord or owner of the real property. Apparently, ALC Property, LLC, has assigned its interest in the lease agreement to Allan Carroll. Mr. Carroll is attempting to evict the tenants from the property. A state magistrate judge granted default judgment to Mr. Carroll, which plaintiffs appealed to state district court.[3] Plaintiffs also filed this action in federal court asking the Court to issue a Temporary Restraining Order, to reinstate the Stay, to hold the eviction invalid, and to award Plaintiffs damages. Dkt. 2, at 5. Defendants have

---

[3] Perhaps that appeal is set for hearing already because the Complaint alleges: "Plaintiffs Requests: - To reinstate the Stay as there are pending motions to be heard and ruled upon on August 22." Dkt. 2, at 5.

MEMORANDUM DECISION AND ORDER - 2

not appeared in this case. However, Plaintiffs seek an ex parte stay.

### III. DISCUSSION

Before this Court can address the merits of Plaintiff's request for a Stay, it must address another issue. Parties have the right to plead and conduct their own cases personally in federal courts. *See* 18 U.S.C. § 1654. However, the Ninth Circuit has held that, because § 1654 authorizes nonlawyers to conduct "their own cases personally," they have no authority to appear on behalf of others. *See Simon v. Hartford Life, Inc.* 546 F.3d 661, 664–65 (9th Cir. 2008) ("The privilege to represent oneself pro se provided by § 1654 is personal to the litigant and does not extend to other parties or entities."). Rather, "in an action brought by a pro se litigant, the real party in interest must be the person who 'by substantive law has the right to be enforced.'" *Id*. at 664 (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)). The right to appear pro se "does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." *See, Rowland v. Cal. Men's Colony,* 506 U.S. 194, 202 (1993).

Here, clearly Jessica Rodriguez is attempting to appear on behalf of the corporation, Light of the Cross Christ Ministries, Inc. It is not clear if she is also attempting to appear on behalf of Tere Rodriguez and Jetaime Rodriguez. However, neither Tere Rodriguez nor Jetaime Rodriguez appear in the caption of the case even though they are identified as parties in the body of the Complaint.[4] Dkt. 2, at 2.

Jessica Rodriguez, as a non-attorney, cannot represent any entity or other person.

---

[4] They also have not signed any of the documents filed in this case.

MEMORANDUM DECISION AND ORDER - 3

This issue is further complicated by the fact that the Court does not have the lease agreement and cannot determine who the real party in interest is in this case. If Jessica is not listed in the lease agreement as a tenant, she cannot seek a stay of any eviction. The Complaint must be dismissed without prejudice. The proper parties may file a new Complaint, but the entity must be represented by counsel not by a pro se person. That new Complaint must also have the lease agreement attached to it so this Court can see who the real party in interest.

None of the above is meant to say that Jessica Rodriguez, Tere Rodriguez, and Jetaime Rodriguez cannot bring a claim for losses suffered due to a wrongful eviction either in state court or in federal court, if the necessary prerequisites are met. But this Court cannot even address the request for a stay until the plaintiffs show who is the real party in interest under the lease agreement. Even then, the entity, if a real party in interest, must have an attorney.

Given the above ruling, this Court will not address the issue of whether a federal court can stay state court proceedings under the *Younger v. Harris* abstention doctrine.

## IV. CONCLUSION

Plaintiff Jessica Rodriguez, as a non-lawyer, cannot represent the entity or Tere Rodriguez or Jetaime Rodriguez. Without the lease agreement, this Court cannot determine the proper party in interest. Therefore, this case is **DISMISSED WITHOUT PREJUDICE.**

## V. ORDER

1. Rodriguez's Complaint (Dkt. 2) is DISMISSED WITHOUT PREJUDICE.

2. The Remaining Motions (Dkts. 1, 3, 5, 6, 7, 10, 11) are DISMISSED as MOOT.

3. This case is CLOSED.

DATED: August 13, 2025

_____
David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 5